```
         IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF ALABAMA
                    SOUTHERN DIVISION
```

**STEVEN KEITH GLATFELTER,**       :

      **Plaintiff,**            :

**vs.**                              :   **CIVIL ACTION NO. 13-00122-CG-B**

**SGT. POPE,** *et al.*,             :

      **Defendants.**           :

## REPORT AND RECOMMENDATION

Plaintiff Steven Keith Glatfelter filed this pro se action while a pretrial detainee at the Mobile County Metro Jail. (Doc. 1). This case was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4) for appropriate action. Because Glatfelter has failed to prosecute and to comply with the Court's orders, it is recommended that this action be dismissed without prejudice.

Glatfelter requested and was granted permission to proceed in forma pauperis. (Doc. 5). Subsequent thereto, Glatfelter, on August 25, 2014, filed a notice of change of address, which reflected that he had been released from custody. (Doc. 24). In an order dated September 25, 2014, the Court directed Glatfelter to provide, by October 27, 2014, information that would assist the Court in serving Defendants "Dr. P. LNU, Nurse Amy LNU, and Correctional Officer Rutland". (Doc. 32). Glatfelter has not responded in any manner to the September 25th order, nor has his copy of the order been returned

to the Court.  Additionally, in an order dated January 8, 2015, Glatfelter was reminded that because this action was filed while he was incarcerated, he remains obligated to pay the remainder of the filing fee in the amount of $340.10. (Doc. 37).  Glatfelter was directed to pay the remainder of the filing fee, or in lieu thereof, to file a new motion to proceed without prepayment of fees by February 9, 2015, because with his release, collection through the institution was no longer possible.  Glatfelter was also cautioned that if he failed to file a new motion to proceed without prepayment of fees, or pay the remainder of the filing fee by the prescribed deadline, this action would be dismissed without prejudice for failure to prosecute and to obey the Court's Order.[1] (Id.).  To date, Glatfelter has not responded in any manner to the order nor has his copy of the order been returned to the Court.  Given his inaction, it appears that Glatfelter has lost interest in this litigation.

Due to Glatfelter's failure to comply with the Court's orders and to prosecute this action, and upon consideration of the alternatives that are available to the Court, it is recommended that this action be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure as no other lesser sanction will suffice. Link v. Wabash R. R., 370 U.S. 626, 630, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962) (interpreting Rule 41(b) not to restrict the

---

[1] The Court also directed the Clerk to forward to Plaintiff a copy of the requisite forms along with a copy of the Order.

court's inherent authority to dismiss sua sponte an action for lack of prosecution); World Thrust Films, Inc. v. International Family Entertainment, Inc., 41 F.3d 1454, 1456-57 (11th Cir. 1995); Mingo v. Sugar Cane Growers Co-op, 864 F.2d 101, 102 (11th Cir. 1989); Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985); Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983).  Accord Chambers v. NASCO, Inc., 501 U.S. 32, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991) (ruling that federal courts' inherent power to manage their own proceedings authorized the imposition of attorney's fees and related expenses as a sanction); Malautea v. Suzuki Motor Co., 987 F.2d 1536, 1545-46 (11th Cir. 1993) (finding that the court's inherent power to manage actions before it permitted the imposition of fines), cert. denied, 510 U.S. 863, 114 S. Ct. 181, 126 L. Ed. 2d 140 (1993).

### Notice of Right to File Objections

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. L.R. 72.4.  The parties should note that under Eleventh Circuit precedent, "the failure to object limits the scope of [] appellate review to plain error review of the magistrate judge's factual findings." Dupree v. Warden, Attorney General, State of

Alabama, 715 F.3d 1295, 1300 (11th Cir. 2011).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

    **DONE** this **2nd** day of **April, 2015.**

                                                  **/s/ SONJA F. BIVINS**
                                          **UNITED STATES MAGISTRATE JUDGE**